UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11342-RGS

OMAR KHALED

v.

YOLANDA SMITH, et al.

ORDER

July 2, 2019

STEARNS, D.J.

*Pro se* Petitioner Omar Khaled is a citizen of Iraq currently detained at the Suffolk County House of Correction. He originally challenged the legality of his detention by filing a habeas action under 28 U.S.C. § 2241 pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Khaled v. McDonald*, C.A. No. 19-10993-RGS (pending). On May 17, 2019, the Government moved to dismiss the petition and stated in a supporting memorandum that there is a reasonable likelihood that Petitioner's removal to Iraq is imminent. *Id.* at Docket Nos. 7, 8.

On June 17, 2019, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that his continued detention violates his right to due process, as articulated by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Docket No. 1. Petitioner does not state when

he was moved from the Suffolk County House of Correction to the Plymouth County Correctional Facility.

Under the prior-pending-action doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." *O'Reilly v. Curtis Pub. Co.*, 31 F. Supp. 364, 364-65 (D. Mass. 1940). Generally, a court may stay or dismiss a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action. 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1360, at 89 (3d ed. 2004).

The instant action and the earlier action are sufficiently analogous to support the dismissal of the instant action pursuant to the prior pending action doctrine. Because there is no reason to maintain two parallel actions on the same issue, dismissal of this action is warranted.

Accordingly, the petition for writ of habeas corpus under 28 U.S.C.

§ 2241 is dismissed under the prior pending-action doctrine.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE